09-1969-ag
Wang v. BIA

BIA
Sichel, IJ
A094 813 829

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of March, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> *Circuit Judges*.

_____

GUO MAN WANG,
> *Petitioner*,

    v.                          09-1969-ag
                                       NAC

BOARD OF IMMIGRATION APPEALS,
> *Respondent*.

_____

FOR PETITIONER:     *Pro Se*

FOR RESPONDENT:     Tony West, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Guo Man Wang, a native and citizen of the People's Republic of China, seeks review of an April 9, 2009, order of the BIA affirming the December 6, 2007, decision of Immigration Judge ("IJ") Helen J. Sichel, which denied Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Man Wang,* No. A094 813 829 (BIA Apr. 9, 2009), *aff'g* No. A094 813 829 (Immig. Ct. N.Y. City Dec. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at

2

167. The IJ found that Wang was not credible based on: (1) his inconsistent testimony about his wife's affidavit; (2) his inconsistent testimony regarding his knowledge of the Democratic Party in China; (3) his lack of knowledge about the pro-democracy group he claimed to be involved with in China; (4) his failure to mention his alleged beating in his initial asylum application; (5) his inconsistent testimony about the nature of his injuries; and (6) his inconsistent testimony about the hospital he claimed he went to after the beating he allegedly endured. In his brief, Wang argues that the IJ's credibility finding was erroneous because she relied on minor inconsistencies that did not go to the heart of his claim. Contrary to Wang's argument, under the REAL ID Act, which applied to Wang's application for relief, "an IJ may rely on <u>any</u> inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original); *see* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007) (finding that "the REAL ID Act no longer requires the trier of fact to find a nexus between inconsistencies and the 'heart of the claim'"). Moreover, no reasonable fact finder would have been compelled to credit Wang's explanations for

the discrepancies the IJ identified. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Accordingly, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1252(b)(4)(B).

Because Wang's claims were all based on the same factual predicate, the agency's denial of his application for asylum, withholding of removal, and CAT relief was proper. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

4